IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| TABATHA M. COOPER, JASON M. STEVENS, | § § § | |
| *Plaintiff*, | § § | Civil Action No. 9:06CV69 |
| v. | § § | JUDGE RON CLARK |
| CITY OF WOODVILLE, SCOTT YOSKO, as an individual; ANDREW PARKS, as individual; NICHOLAS THOMPSON, as an individual; STEVEN ZELLER, as an individual; FORREST ARCHER JUNIOR, as an individual, | § § § § § § § § | |
| *Defendants*. | | |

**MEMORANDUM AND ORDER**

The Magistrate Judge submitted two Reports and Recommendations for consideration. The reports contain her findings, conclusions, and recommendations for the disposition of this case. The Report and Recommendation issued on January 12, 2007 recommends the claims against Parks, Thompson and Zeller be dismissed pursuant to Fed. R. Civ. P. 4(m). No written objections were filed to the January 12, 2007 Report and Recommendation, and the court will dismiss Andrew Parks, Nicholas Thompson, and Steven Zeller from this lawsuit pursuant to Rule 4(m).

The Report and Recommendation issued on January 16, 2007 recommends that the Motion to Dismiss filed by Defendants Yosko, Archer and the City of Woodville [Doc. #24] be granted. Plaintiffs filed written objections to the January 16, 2007 Report and Recommendation on February 1, 2007. After conducting a *de novo* review of the objections filed by Plaintiffs, the

1

court finds that Defendants' motion should be granted.

## DISCUSSION

Plaintiffs brought suit against the City of Woodville, the Chief of Police, Scott Yosko, and Officer Forrest Archer, Jr. pursuant to 42 U.S.C. § 1983, alleging violations of the Fourth and Fourteenth Amendments.[1] Plaintiffs were arrested at a house party and charged with being minors in possession of alcohol. Defendants moved to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6). The Magistrate Judge's Report and Recommendation discusses the background of this case and appropriately lays out the standard by which this court must review a motion to dismiss under Rule 12(b)(6).

<u>1. Applicable law</u>

A municipality, as well as officers acting in their official capacity, can only be held liable under Section 1983 if there is proof of: "(1) an official policy or custom, of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). An official policy or custom consists of a policy statement or regulation that is officially adopted and promulgated by the municpality's lawmaking officers. *See Williams v. Kaufman County*, 352 F.3d 994, 1013 (5th Cir. 2003). An official policy or custom also includes a "persistent, widespread practice of city officials or employees, which although not authorized by officially adopted or promulgated policy, is so common and well settled as to constitute a

---

[1] It is unclear from the pleadings whether Plaintiffs are suing Chief Yosko in both his official and individual capacities. Construing the allegations liberally, the court will consider Plaintiffs' claims in both contexts. The claims against Defendant Archer are clearly only asserted against him in his individual capacity.

custom that fairly represents municipal policy." *Fields of City of S. Houston*, 922 F.2d 1183, 1191-92 (5th Cir. 1991).

Officers may also be liable under Section 1983 in their individual capacities for constitutional violations, but are entitled to assert the affirmative defense of qualified immunity. *See, e.g., Roberts v. City of Shreveport*. 397 F.3d 287, 291-92 (5th Cir. 2005). A defendant is entitled to qualified immunity if the defendant's actions were "objectively reasonable" with reference to "clearly established law." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982). Evaluating qualified immunity is a two-step process. *Michalik v. Hermann*, 422 F.3d 252, 257 (5th Cir. 2005). First, the court must determine whether the plaintiff has alleged violation of a clearly established constitutional or statutory right. *Id.* Second, if a plaintiff has alleged a violation of a clearly established right, then the court must determine whether the official's conduct was objectively reasonable under the law at the time of the incident. *Id* at 258.

At the motion to dismiss stage, where, as here, the officers have asserted the defense of qualified immunity, "plaintiffs suing governmental officials in their individual capacities must allege specific conduct giving rise to the constitutional violation." *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999). This heightened pleading standard, distinct from the mere notice pleading standard in Rule 8, requires a plaintiff to plead "with factual detail and particularity, not mere conclusory allegations." *Id.*; *see also Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995).

The Fourth Amendment protects people from unreasonable searches and seizures. *United States v. Richard*, 994 F.2d 244, 247 (5th Cir.1993). To violate the Fourth Amendment, an officer's actions must intrude upon a reasonable expectation of privacy in a significant way. *See*

*U.S. v. York*, 895 F.2d 1026, 1028 (5th Cir.1990). One who is merely present at a home with the consent of the householder may not claim the protection of the Fourth Amendment. *Minnesota v. Carter*, 525 U.S. 83, 90, 119 S.Ct. 469, 473 (1998). Moreover, a warrantless arrest can be made on the basis of probable cause. *Mack v. City of Abilene*, 461 F.3d 547, 552 n.1 (5th Cir. 2006). Probable cause exists when the "totality of facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Id. citing U.S. v. Wadley*, 59 F.3d 510, 512 (5th Cir. 1995). "The Constitution does not guarantee that only the guilty will be arrested." *Baker v. McCollan*, 443 U.S. 137, 145, 99 S.Ct. 2689, 2695 (1979).

  <u>2. Claims against City of Woodville and Chief Yosko, in his official capacity</u>

  In their Second Amended Complaint, the Plaintiffs allege that the City has a "custom of arresting and prosecuting minors in possession of alcohol just for being in a house where there is alcohol." The Plaintiffs also allege that Chief Yosko is the "policy maker for the City of Woodville Police Department" and that he "allowed the police to continue the custom of arresting and prosecuting minors for minor in possession of alcohol just for being in a house where there is alcohol."

  Under Tex. Alco. Bev. Code § 106.05, "a minor commits an offense if he possesses an alcoholic beverage." Even though a person is not in actual or exclusive possession of the place where the contraband is found, a person may still be found to have control over the contraband, and thus possession of it. *See, e.g., Gregory v. State*, 159 S.W. 3d 254, 259-260 (Tex. App. – Beaumont, 2005, pet. ref'd)(discussing the factors a court looks at to determine if there is possession of contraband even though a person does not exclusively occupy the place where the

contraband is located); *Guy v. State*, 160 S.W.3d 606, 613 (Tex. App. – Fort Worth, 2005, pet. ref'd)(same). Moreover, "a peace officer may arrest without a warrant any person he observes violating any provision of this [Alcoholic Beverage] code." Tex. Alco. Bev. Code § 101.02.

Noticeably, Plaintiffs have not alleged that any of these statutes are unconstitutional. Whether or not a minor is in possession of an alcoholic beverage just by being in the house is a question for a court to decide. There is no indication that an arrest under such circumstances is without probable cause. The court concludes that Plaintiffs have not actually alleged a custom or policy that is illegal or unconstitutional. The Magistrate Judge previously gave Plaintiffs an opportunity to re-plead. The court, therefore, will now dismiss the claims against the City of Woodville and Chief Yosko, in his official capacity, for failure to allege any custom or policy that actually caused a constitutional deprivation.

3. Claims against Chief Yosko and Officer Archer, in their individual capacities

*a. Chief Yosko*

Plaintiffs have only alleged claims against Chief Yosko as a supervisor. Under Section 1983, a supervisor may only be held liable in his individual capacity if either of the following exists: (1) he is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Kohler v. Englade*, 470 F.3d 1104, 1114-5 (5th Cir. 2006). In a failure to train or supervise context, this requires the plaintiff to show: "(1) the police chief failed to supervise or train the officer; (2) a causal connection existed between the failure to supervise or train and the violation of plaintiff's rights; and (3) the failure to supervise or train amounted to deliberate indifference to the plaintiff's constitutional rights." *Roberts*, 397 F.3d at 292.

Plaintiffs have not alleged facts showing that Chief Yosko was personally involved in a constitutional deprivation, and they have not alleged facts showing a causal connection between any of his conduct and an alleged constitutional violation. Plaintiffs allegations only generally state that Chief Yosko allowed the alleged custom of "arresting and prosecuting minors for minor in possession of alcohol just for being in a house were there is alcohol" and that "his wanton disregard for proper police procedure and lack of training of his officers allows this behavior to continue." In the face of Chief Yosko's assertion of qualified immunity, Plaintiffs are required to allege specific facts, not just general allegations. In particular, Plaintiffs did not allege in detail how the failure to train caused a violation of Plaintiffs' constitutional rights. The court concludes that the claims against Chief Yosko must be dismissed.

### b. Officer Archer

Officer Archer allegedly entered the house, asked where his daughter was, and left when he was told that his daughter was not there. Plaintiffs complain that Officer Archer entered the house illegally and uttered a "threatening comment." These facts do not establish a constitutional violation. Plaintiffs were guests at the house for a party, and so they do not have standing to contest Archer's entry into the home. *Carter*, 525 U.S. at 90, 119 S.Ct. at 473. Moreover, the utterance of an allegedly "threatening comment" does not state a constitutional violation. *See Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir.1992). Plaintiffs have not alleged a violation of a constitutional right by Officer Archer and so the claims against him must be dismissed.

IT IS THEREFORE ORDERED that Defendants Scott Yosko's, Forrest Archer, Jr.'s and the City of Woodville's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [**Doc. #24**] is **GRANTED**.

IT IS FURTHER ORDERED that the claims against Defendants Andrew Parks, Nicholas Thompson and Steven Zeller are **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m).

So **ORDERED** and **SIGNED** this **12** day of **March, 2007.**

_____
Ron Clark, United States District Judge